*878 Pennell, J.
¶25 (dissenting in part) — I join all but the last substantive paragraph of the majority’s published opinion, through which the court declines discretionary review of Mr. Clark’s legal financial obligation (LFO) claims.
¶26 Trial courts have an affirmative obligation to inquire into a defendant’s financial circumstances before imposing discretionary LFOs. RCW 10.01.160(3). This is not a trivial burden. It cannot be satisfied merely by signing off on a boilerplate form, indicating that the defendant has the present or future ability to pay. State v. Blazina, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). Instead, the trial court must consider each defendant’s personal situation and individually analyze his or her financial prospects, including outstanding debts, obligations, and earning capacity. Id.
¶27 The trial judge undoubtedly failed to meet this statutorily mandated duty. No individualized inquiry took place. There was no discussion on the record of Mr. Clark’s financial obligations or what he might be able to do for a living after release from prison. In fact, the trial judge made no mention of LFOs during the entire sentencing proceeding. It was not until after the sentencing hearing, when the trial court entered a written judgment and sentence, that Mr. Clark was informed he had been assessed $2,145.41 in mandatory and discretionary LFOs.
¶28 Despite the trial court’s clear error, the majority declines Mr. Clark’s request for relief because his attorney did not object. I would not deny review on this technicality. Our Supreme Court has made clear we have authority to review discretionary LFO decisions even when no objection was raised in the trial court. Id. at 835. In cases where defendants have had the fortune of receiving discretionary Supreme Court review, the court has consistently—and without limitation—remanded unpreserved LFO arguments for resentencing under Blazina. See State v. Duncan, 185 Wn.2d 430, 437-38, 374 P.3d 83 (2016) (citing cases); see also Order, State v. Austin, No. 92723-5 (Wash. June 1, 2016) *879 (reversing discretionary denial of LFO claim and remanding under Blazina); Order, State v. Como, No. 92685-9 (Wash. June 1, 2016) (same); Order, State v. Floyd, No. 92750-2 (Wash. June 1, 2016) (same); Order, State v. Matheny, No. 92785-5 (Wash. June 1, 2016) (same); Order, State v. Wilmer, No. 92690-5 (Wash. June 1, 2016) (same).[4] Mr. Clark should be afforded equal consideration.
¶29 Based on the foregoing, I dissent from the majority opinion in part and would remand this case to the superior court for reconsideration of discretionary LFOs consistent with the requirements set forth in Blazina.
Review granted and case remanded to the superior court at 187 Wn.2d 1009 (2017).

 Mr. Clark recently had a separate appeal before this court wherein he unsuccessfully raised an unpreserved LFO argument. State v. Clark, 191 Wn. App. 369, 362 P.3d 309 (2015). It appears he did not seek discretionary review of that decision as a mandate was issued on January 5, 2016.